IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS

07 FEB -7 PM 4:08

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| MAUREEN REYNOLDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. |
| ) | |
| UNITED STATES OF AMERICA, ) | 1:07-cv-0171-SEB-WTL |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR MALICIOUS PROSECUTION

### I. Nature of Action.

1. Plaintiff, Maureen Reynolds ("Reynolds"), brings this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 USC § 2671 *et seq.*, alleging that she was subjected to malicious prosecution by Defendant. In support hereof, Reynolds states as follows:

### II. Parties.

2. Reynolds, at all times relevant, resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant, including the Federal Agency whose employees conduct has given rise to this action, at all times relevant, conducted business and/or maintained offices within the geographical boundaries of the Southern District of Indiana.

### III. Jurisdiction and Venue.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343(3) and (4); and 28 USC § 1346(b) *et seq.*

5. Reynolds satisfied her obligation to exhaust her administrative remedies, having

timely filed a *Claim for Damage, Injury, or Death* with the Department of Homeland Security ("Agency") as required by 28 U.S.C. §2675(a) on May 4, 2006. Reynolds claim having been denied by the Agency, she timely files this original action within six (6) months of the Agency's denial thereof.

6.  All events and transactions pertaining to this action having occurred within the geographical environs of the Southern District of Indiana, venue is proper with this Court pursuant to 28 U.S.C. §1391.

### IV. Factual and Legal Allegations.

7.  Reynolds, is a fifty-three (53) year old female, who is a former Security Officer with a private security firm, General Security Corporation ("GSSC").

8.  GSSC had a contract with the Department of Homeland Security, Federal Protective Service, which included providing security to the Minton Capehart Federal Building located in Indianapolis, Indiana.

9.  On or about August 31, 2003, GSSC security guard, William Dobbins ("Dobbins") locked himself on the roof of the Minton Capehart Federal Building and was naked. Dobbins eventually managed to get the attention of another GSSC security guard, Frank Gay ("Gay") who unlocked the door and allowed Dobbins to exit the roof.

10. Upon Reynolds arrival for her shift on the evening of August 31, 2003, both Dobbins and Gay related the incident to Reynolds, but neither mentioned the fact that Dobbins had been naked when Gay found him on the roof. Based on the information she received from Dobbins and Gay, Reynolds prepared a report outlining the incident which made no reference to Dobbins being naked.

11. Thereafter, in or about October 2003, the Department of Homeland Security, Federal Protective Service through its agents, Officers Mark Lambert ("Lambert") and Mark Fullerton ("Fullerton"), began an investigation into the August 31, 2003 incident.

12. On or about October 17, 2003, Dobbins and Gay were interviewed by Lambert and Fullerton and confessed that Dobbins had been naked on the roof.

13. On or about October 20, 2003, Reynolds was interviewed by Lambert and Fullerton in which she related her understanding of the August 31, 2003 incident as it was described to her by Dobbins and Gay. However, Reynolds did not reference Dobbins being naked on the roof at the time of the incident on August 31, 2003.

14. At the time of Reynolds' interview with Lambert and Fullerton on October 20, 2003, both Lambert and Fullerton had information that Dobbins was naked and that there was no specific assertion that either Dobbins or Gay had informed Reynolds that Dobbins had been found naked on the roof.

15. At all times, Reynolds had no actual or constructive knowledge that Dobbins was naked on August 31, 2003.

16. As a result, on or about December 4, 2003, criminal prosecution was instigated and initiated by Lambert and Fullerton, in their capacity and in the course of their employment as law enforcement officers of the Department of Homeland Security, Federal Protective Service against Reynolds, in the Marion County Superior Court, Criminal Division, of the State of Indiana under Cause No. 49F190312CM209569.

17. This prosecution was initiated by the filing a Probable Cause Affidavit and Criminal Charges on December 4, 2003 against Reynolds for alleged false reporting. Both the Probable Cause Affidavit and the Information containing the criminal charges were signed by

Fullerton of Federal Protective Service and with the consent, authorization and approval of Lambert.

18. This prosecution was terminated in favor of Reynolds, when she was acquitted of the charges after a bench trial on May 6, 2004.

19. As a result of the criminal charges brought against Reynolds, GSSC placed Reynolds on an indefinite unpaid leave of absence.

20. On or about May 21, 2004, GSSC informed Reynolds that pursuant to the directive of Lambert she was being taken off of GSSC's contract with the Department of Homeland Security, Federal Protective Service permanently.

21. The above-mentioned prosecution was initiated with malice on the part of Lambert and Fullerton and was devoid of probable cause, that is to say that there was no factual basis which would induce a reasonably intelligent and prudent person to believe Reynolds had committed the crime charged. As a proximate result of the conduct of Lambert and Fullerton, Reynolds has suffered the following damages and injuries.

| | | |
|---|---|---|
| (a) | She had to incur attorney fees in the successful defense of the criminal prosecution initiated against her in the amount of | $8,892.50 |
| (b) | She suffered emotional distress having to go through the uncertainties of a trial and having her job placed in jeopardy and ultimately losing her job as a security officer | $250,000.00 |
| (c) | Current loss of income (as of February 1, 2007) | $116,930.45 |
| (d) | Future loss earnings | $313,356.00 |

**Total Damages = *$689,178.95**

*With interest thereon.*

22. On May 4, 2006, Reynolds submitted her claim in the amount of $689,178.95 to the Department of Homeland Security, Federal Protective Service in writing and as prescribed by law.

23. On August 9, 2006, the Department of Homeland Security Federal Protective Service rejected such claim in writing.

WHEREFORE, Plaintiff, Maureen Reynolds, demands judgment against the Defendant, United States of America, in the amount of $689,178.95 with interest thereon, costs of this action, and for all other relief necessary and proper in the premises.

Respectfully submitted,

**STEWART & IRWIN, P.C.**

By: _____
Peter B. Stewart (Atty. No. 1663-49)

By: _____
William N. Ivers (Atty. No. 11592-20)

By: _____
Jeffrey B. Halbert (#22727-49)

*Attorneys for Plaintiff, Maureen Reynolds*

STEWART & IRWIN, P.C.
251 East Ohio Street
Suite 1100
Indianapolis, Indiana 46204
Telephone: (317) 639-5454
Facsimile: (317) 632-1319
E-mail: pstewart@silegal.com
wivers@silegal.com
jhalbert@silegal.com

si122351_1