UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MAUREEN REYNOLDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:07-cv-00171-SEB-TAB |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING MOTION TO DISMISS**
**(Docket No. 14)**

This matter is before the Court on the Government's Rule 12(b)(1), Fed. R. Civ. P. motion to dismiss directed towards Plaintiff's Complaint for Malicious Prosecution, which she brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq. Because we conclude that Plaintiff's claims are barred by the terms of the FTCA, the Court lacks jurisdiction over this action and the Motion to Dismiss must be **GRANTED**.

Plaintiff, Maureen Reynolds, was employed as a security officer by a private security firm, General Securities Services Corporation ("GSSC"), which had contracted with the Department of Homeland Security, Federal Protective Service, ("FPS"), to provide security at the Minton Capehart Federal Building ("Federal Building") in Indianapolis, Indiana, in August 2003. In the course of performing her duties, Ms. Reynolds was accused by two investigative employees of FPS of having falsely reported certain details of a security breach to the FPS officers, prompting them to lodge a criminal complaint against her with the Marion County Prosecutor who then filed charges, but for which she was ultimately acquitted, in the Marion Superior Court under Cause Number

49F190312CM209569.

She has brought her state law claim of malicious prosecution pursuant to the FTCA against the FPS officers, accusing them of having maliciously prosecuted her by acting "with malice" and "without probable cause" in filing their unfounded criminal complaint against her, which, despite her acquittal, caused her to incur the costs of mounting a defense and, in the end, brought about the termination of her employment with the independent contractor.

The Government seeks dismissal of this action essentially on three grounds: first, the FTCA's express exclusion of malicious prosecution and abuse of process claims (except for claims falling within the scope of the 1974 proviso pertaining to the acts or omissions of investigative or law enforcement officers of the United State) under 28 U.S.C. 2680(h). In addition, the Government argues that the lawsuit has been brought to contest the actions of an independent contractor, not an employee or agent of the United States. Finally, the FTCA's discretionary function provision under 28 U.S.C. 2680(a) bars liability against these named defendants.

## I.  LEGAL ANALYSIS

All civil actions against the United States are barred, unless specifically authorized by a waiver of sovereign immunity or specifically consented to by law. LaBonte v. United States, 233 F.3d 1049, 1051 (7th Cir. 2000)  The FTCA constitutes such a partial waiver of sovereign immunity, but is limited to its precise terms which must be strictly construed. That statute expressly provides that the waiver of immunity does not include: "(a)ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights...." (emphasis supplied) (28 U.S.C. § 2680(h)).

A proviso enacted in 1974 follows the above-referenced passage and provides as follows:

"...(W)ith regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter ...shall apply to any claim arising, on or after the date of the enactment of this proviso, out of ...abuse of process, or malicious prosecution.  For the purpose of this subsection, 'investigative or law enforcement officer' means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law."

The FTCA further expressly excludes claims based on the actions of any contractor with the United States, per 28 U.S.C. § 2671: "As used in this chapter ... the term 'Federal Agency' includes the executive departments, (etc.)... but does not include any contractor with the United States. (See, Wright v. United States, 404 F.2d 244 (7th Cir. 1968): "Under the Federal Tort Claims Act, United States is not responsible for torts committed by its independent contractors since they are not employees of government.  28 U.S.C. § 1346(b)(1)")

The Federal Tort Claims Act, as a waiver of sovereign immunity, must receive a strict reading, and the ... conditions in the FTCA must be treated as limitations on the jurisdiction of the federal courts."  Kanar v. United States, 118 F. 3d 527, 529 (7th Cir. 1997).

> **A. DEFENDANTS ARE CONTRACTORS WITH, AND NOT EMPLOYEES OF THE UNITED STATES; THEREFORE, THEIR ALLEGED TORTS ARE EXPRESSLY EXCLUDED FROM COVERAGE UNDER THE FTCA.**

Plaintiff admits in her complaint that she was employed by a private security firm and was not an employee of the United States.  She also alleges that her employer, GSSC, had a contract with the Department of Homeland Security, Federal Protective Service, to provide security to the Indianapolis Federal Building and that she was acting pursuant to that contract as an employee of GSSC.  In addition, part of the relief Plaintiff seeks includes damages resulting from her termination

of employment, a decision made by the independent contractor, for which she seeks an award of $116,930.45 for lost income as of February 1, 2007; $313,356.00 for future lost income; and $250,000 for emotional distress resulting from her termination.

Clearly, Plaintiff's employer, GSSC, which was not an agency of the United States, made the decision to let Reynolds go and, thus, to the extent that she incurred any damages, they were the result of GSSC's decision. No claim has been made or evidence adduced by Plaintiff to establish that the United States controlled the on-going, day-to-day performance by GSSC, either in terms of supervising Ms. Reynolds, the named Defendants, or the specific acts giving rise to this claim. "(T)he question ... is not whether the (contractor) receives federal money and must comply with federal standards and regulations, but whether its day-to-day operation are supervised by the Federal Government." In the case at bar, no such day-to-day oversight of GSSC was provided by the government.

Because Ms. Reynolds's employer was GSSC, who had contracted with the Department of Homeland Security, Federal Protective Service, to provide security services at the Federal Building in Indianapolis, and because GSSC was not an agency of the United States, her claim against the United States for actions taken against her by GSSC and/or the defendants individually is barred by the FTCA's contractor exclusion and must be dismissed. (28 U.S.C. § 2671).

**B.    MALICIOUS PROSECUTION CLAIMS ARE EXPRESSLY EXCLUDED FROM THE FTCA WAIVER OF SOVEREIGN IMMUNITY, AND THE PROVISO RELATING TO ACTS BY INVESTIGATIVE OR LAW ENFORCEMENT OFFICERS DOES NOT APPLY HERE TO SAVE THIS COMPLAINT.**

Plaintiff Reynolds, while acknowledging the exception to the waiver of sovereign immunity for claims of malicious prosecution, contends that her claim is nonetheless saved by the proviso, which permits federal tort claims for malicious prosecution against investigative or law enforcement officers of the United States.  Reynolds maintains that the offending FPS officers were such "investigative or law enforcement officers of the United States."

Prior judicial interpretations of this provision leave us unconvinced that the FPS officers here fall within the ambit of the proviso,  because the actions of which Reynolds complains did not entail any searches or seizures or effecting any arrests by the defendants.  Their actions, insofar as they impacted on Plaintiff, were limited to the filing of an arguably unfounded complaint with the Marion County Prosecutor, but, of course, it was the prosecutor  who made the decision  to prosecute Ms. Reynolds, not the officers.  It is in truth for her having been wrongfully prosecuted that Reynolds seeks to recover here, because that was the real source of her damages, rather than the filing of the baseless complaint.  But that distinction carries no weight here, because  "(t)he FTCA authorizes suits for abuse of process based only on the actions of  federal investigative or law enforcement officers, not on the actions of government prosecutors."  Bernard v. U.S., 25 F.3d 98, 104, (2nd Cir. 1994).

But Plaintiff has framed her action against the FPS officers, seeking to bring them within the proviso based on their possessing the powers  under law to search, seize and arrest, but, the abstract possession of these powers is not sufficient to bring the defendants within the proviso, and, indeed,

5

that they are in certain contexts so empowered is irrelevant under the facts of this case.

> ... (I)t is not a fair reading of the Section 2680(h) proviso to treat the potential of investigative activity looking toward a criminal prosecution (that is, law enforcement activities in the traditional sense) by others as somehow triggering liability for claimed malicious prosecution and abuse of process for ... activities that are not traditionally within the purview of law enforcement officers.

Employers Ins. of Wausau v. U.S., 815 F. Supp 255, 257 (N.D. IL. 1993)(emphasis in original).

The District Court in Employers, supra, at 258, included an informative discussion of the legislative history related to the proviso at issue here, noting that it was added at the end of the intentional torts exception to the FTCA (28 U.S.C. 2680(h)) for the following reasons:

> The effect of this provision is to deprive the Federal Government of the defense of sovereign immunity in cases in which Federal law enforcement agents, acting within the scope of their employment, or under color of Federal law, commit any of the following torts: assault, battery, false imprisonment, false arrest, malicious prosecution, or abuse of process. Thus, after the date of enactment of this measure, innocent individuals who are subject to raids of the type conducted in (the notorious instance giving rise to the enactment of this language) will have a cause of action against the individual Federal agents and the Federal Government.

Continuing, the Court held (at page 258): "Therefore, the Committee amendment would submit the Government to liability whenever its agents act under color of law so as to injure the public through search and seizures that are conducted without warrants or with warrants issued without probably cause. However, the Committee's amendment should not be viewed as limited to constitutional tort situations but would apply to any case in which a Federal law enforcement agent committed the tort while acting within the scope of his employment or under color of Federal law."

Citing the holding in the Third Circuit case, Pooler v. United States, 787 F.2d 868 (3rd Cir. 1986), the Court in Employers, supra, at 259, held:

> ...(T)he fair reading of the Section 2680(h) proviso is that even if the FTCA action for such intentional torts is not based on an actual search or seizure of evidence of arrest, it must at a minimum charge the government with wrongdoing based on 'acts or omissions of investigative or law enforcement officers' *while they are engaged in investigative or law enforcement activities.* And for that purpose,. 'investigative' must be given its normal meaning (akin to that when it is employed in such terms as "private investigator"), not just the generic sense ... of simply looking into and thinking about something in the process of reaching a decision.

(Emphasis in original.)

Because the tortious acts allegedly committed by these defendants did not involve a search, seizure or arrest against Plaintiff Reynolds, the proviso is inapplicable, and Plaintiff's claim for malicious prosecution is expressly barred by virtue of the exclusion from coverage under the FTCA. The Complaint must therefore be dismissed.

### C. THE UNITED STATES HAS NOT WAIVED ITS SOVEREIGN IMMUNITY UNDER THE FTCA WITH REGARD TO THE DISCRETIONARY FUNCTIONS OF THE FEDERAL PROTECTIVE SERVICE.

The FTCA does not waive sovereign immunity for claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federeal agency or an employee of the Government...." 28 U.S.C. § 2680(a).

Whether the discretionary function exception bars suit against the United States turns on two factors: first, a discretionary act must be involved in the claim, that is, one involving "an element of judgment or choice"; secondly, whether the action is such that this exception was designed to shield. Maas v. United States, 94 F.3d 291, 297 (7th Cir. 1996); United States v. Gaubert, 499 U.S. 315, 322 (1991). If the controlling statute or governmental regulation prescribes a certain course of action for an employee to follow, the discretionary function exception does not apply. In addition, this exception protects only governmental actions and decisions based on considerations of public policy.

Rothrock v United States, 62 F.3d 196 (7th Cir. 1995).

The discretionary function exception to the FTCA insulates from liability only those governmental actions and decisions that involve an element of judgment or choice and that are based on public policy considerations.  It "applies only to conduct that involves the permissible exercise of policy judgment. "  Berkovitz by Berkovitz v. U. S., 486 U.S. 531, 539; 108 S.Ct. 1954, 1960 (1988).

In the case at bar, as the Government has noted, and the Plaintiff does not dispute, that the FPS is authorized to investigate criminal activities in facilities and areas within the jurisdiction of the General Service Administration. FPS conducts investigations, including criminal investigations, and reports alleged violations of statutes relating to criminal activities committed in public buildings, such as the Federal Building at Indianapolis.  The guidelines governing the work of the FPS  leaves room for independent judgment on the part of the officers and the exercise of  discretion in deciding what evidence to gather and credit and whom to investigate and so forth. Indeed, law enforcement judgment is the quintessential discretionary activity, requiring the performance and weighing of a wide array of subjective factors in order to protect the safety and security of the federal facility.

FPS's acts as challenged by Plaintiff in this lawsuit were clearly discretionary on the part of the two defendants and the decisions they made and the actions they took were tied to their own view of what  public policy required.  Thus, their actions fell within the exclusions provided for in the FTCA, which dooms Plaintiff Reynolds's lawsuit based on these actions.

## II. CONCLUSION

For the reasons explicated above, this case must be and is hereby Dismissed for lack of jurisdiction, pursuant to Rule 12(b)(1), Fed. R. Civ. P.

IT IS SO ORDERED.

Date: 02/06/2008

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Jeffrey B. Halbert
STEWART & IRWIN
jhalbert@silegal.com

William Norris Ivers
STEWART & IRWIN
wivers@stewart-irwin.com

Margaret A. Schutte
UNITED STATES ATTORNEY'S OFFICE
margaret.schutte@usdoj.gov

Peter B. Stewart
STEWART & IRWIN
pstewart@silegal.com