UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MAUREEN REYNOLDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:07-cv-0171-SEB-TAB |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO TAKE DEPOSITIONS**

Plaintiff Maureen Reynolds has filed a motion for leave to depose Federal Protective Service Officers Mark Lambert and Mark Fullerton, which Defendant opposes because discovery has closed, the case has been pending more than three years, and Defendant has moved for summary judgment. While Defendant's procedural recitation is correct, these facts do not paint the whole picture.

Much more significant is that prior to the expiration of the discovery deadline, Plaintiff twice requested to depose Lambert and Fullerton after Defendant produced its discovery responses. Not only did Defendant not object to proceeding in this fashion, but Defendant's counsel expressly responded to Plaintiff's counsel's second inquiry—made on January 13, just two days prior to the close of discovery—by stating, "Give me a call once you get our responses to set up the depositions." [Docket No. 78 at 2.] In making this representation, Defendant's counsel could not possibly have expected the depositions to have occurred before the discovery deadline. For the Defendant to object now is rather surprising, particularly given Defendant's concession that Lambert and Fullerton are "two key witnesses who admittedly played significant

roles in the facts of [Plaintiff's] case." [Docket No. 81 at 2.]

Procedurally this case has been pending for quite some time, but that time includes an appeal to the Seventh Circuit Court of Appeals, which vacated a prior dismissal of this action. The Court is understandably cautious about permitting discovery when a summary judgment motion pends, particularly after the discovery deadline has closed, for to do so can prejudice the moving party. But under the facts of this case—in particular the representation by Defendant's counsel regarding a willingness to schedule the depositions that are now in dispute—justice requires that the depositions proceed.

Accordingly, Plaintiff's motion for leave to take depositions [Docket No. 78] is granted. Counsel shall cooperate in scheduling the depositions of Lambert and Fullerton as soon as reasonably possible, but no later than 28 days from the date of this order.

Dated: 03/22/2010

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Mickey J. Lee
STEWART & IRWIN P.C.
mlee@silegal.com

Margaret A. Schutte
UNITED STATES ATTORNEY'S OFFICE
margaret.schutte@usdoj.gov

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov